**IN THE COURT OF APPEALS OF IOWA**

No. 22-1378
Filed November 2, 2022

**IN THE INTEREST OF T.L.,**
**Minor Child,**

**M.L., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County,
Linda M. Fangman, Judge.

A mother appeals the order terminating parental rights to her child.
**AFFIRMED.**

Jamie L. Schroeder of Nelson & Toenjes, Shell Rock, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena and
Mackenzie Moran, Assistant Attorneys General, for appellee State.

Tammy L. Banning of the Office of State Public Defender, Waterloo,
attorney and guardian ad litem for minor child.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the order terminating her parental rights under Iowa Code section 232.116(1)(g) and (h) (2022). The mother does not challenge the grounds for termination or the juvenile court's finding that termination is in the child's best interests. Nor does she seek to avoid termination based on any of the scenarios described in section 232.116(3). The mother instead asks us to defer permanency and allow more time for reunification. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue the child's placement for six months if doing so will eliminate the need for the child's removal). Because additional time will not eliminate the need for the child's removal, we deny the mother's request and affirm the termination order.

The proceedings that led to termination began after the child and the mother tested positive for methamphetamine when the child was born in 2021. The mother absconded from the hospital with the child before their discharge because she learned the child could be removed from her care. The mother and the child were found the next day, and the juvenile court ordered the child removed from the mother. The child was placed in foster care, where she remained throughout the juvenile court proceedings.

This is not the mother's first experience in the juvenile court system. In 2016, the juvenile court terminated the mother's parental rights to five other children due to her methamphetamine use and failure to care for her mental health. As in this case, the mother used methamphetamine while pregnant with one of the children, and that child tested positive for methamphetamine at birth. The mother was offered services to address her substance use, but she failed to participate

consistently with drug testing and tested positive for methamphetamine more than one year later. In terminating her parental rights to all five children in 2016, the juvenile court found the mother "repeatedly demonstrated an unwillingness to make the changes in her life which are necessary to safeguard her children's lives."

Six years later, little has changed. The mother has not participated consistently with mental-health treatment or drug testing. At the time of termination, her visits with the child remained fully supervised. In its termination order, the juvenile court observed that the mother "continue[s] to deflect and blame others for the current situation. [She] went so far as to say she uses methamphetamine because [the Iowa Department of Health and Human Services] is involved in her life."

In order to defer permanency under section 232.104(2)(b), the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Considering the mother's well-documented history of substance abuse, we find that granting her six more months will not alter the outcome of these proceedings. *See In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (stating that a parent's past performance shows the quality of the future care that parent can provide).

Section 232.116(1)(h)(3) allows us to terminate parental rights once the child has been removed from a parent's physical care for six months. Because that period has passed, we view these proceedings with a sense of urgency. *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). "[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section

232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). Based on the mother's long history of substance use and her lack of progress during the child-in-need-of-assistance proceedings, there is no reason to believe that the need for removal will no longer exist if the mother is given six more months. *See B.H.A.*, 938 N.W.2d at 233 (noting a parent's past performance shows the quality of the future care that parent can provide). We decline to apply section 232.104(2)(b) to delay permanency and affirm the order terminating parental rights.

**AFFIRMED.**